UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKY MA<br>2 West End Place<br>Elizabeth, NJ 07202<br>   Plaintiff,<br>  v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK<br>400 West 31st Street, 4th Floor<br>New York, New York 10001<br><br>   Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION - LAW<br><br><br><br><br><br>NO.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the plaintiff, RICKY MA, by and through the undersigned counsel, Barish Rosenthal, complains of the defendant, NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), and alleges:

1. Plaintiff, RICKY MA is an adult individual residing at 2 West End Place, Elizabeth, New Jersey 07202.

2. Defendant, National Railroad Passenger Corporation (AMTRAK) is and was at all times material hereto a corporation duly organized and existing under by virtue of law and was engaged in owning and operating railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in through and between various and several states of the United States and doing business in the State of New Jersey.

3. At all times material hereto, and for sometime prior thereto, Plaintiff was in the employ of Defendant as a Car Inspector in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought against Defendant pursuant to the Federal Employers' Liability

Act, 45 United States Code §§51, et seq.

5. At all times material hereto, the Defendant owned, controlled and/or maintained a Railroad Station, tracks, facility, locomotive, train equipment, cables, and/or other property at or near Penn Station, in New York, New York.

6. On or about July 7, 2015, while performing his job duties as a Car Inspector for the Defendant, Plaintiff was climbing onto a locomotive located at or near 3 track at the aforesaid Penn Station facility, when plaintiff was caused to strike his head upon a cable and/or cables and suffer personal injuries as more fully set forth herein.

7. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of Defendant, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but not limited to:

   a. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject locomotive in a reasonable safe condition;

   b. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject cable and/or cables in a reasonable safe condition;

   c. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain access to the aforesaid locomotive in a reasonable safe condition;

d. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject work area and/or access to the aforesaid locomotive in a reasonable safe condition;

e. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide proper lighting for the plaintiff to perform his assigned duties;

f. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to access his work area inside the engine and/or locomotive at issue;

g. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a proper lighting and/or working conditions;

h. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly repair and/or maintain the aforesaid work area, engine and/or locomotive in a condition from the prospect of someone striking the aforesaid cable or cables;

i. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

j. failing to warn plaintiff of the dangerous and/or hazardous condition of the work area

which were made unsafe due to the presence of a dangerous condition;

k. failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

l. failing to use ordinary care to service and/or maintain the subject work area in a reasonable safe condition;

m. failing to use ordinary care to properly inspect the subject work area to ensure that same were in a reasonable safe condition;

n. failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the safety of the workplace, particularly as it pertains to the existence and presence of such hazards;

o. failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as more fully described above;

p. failing to provide plaintiff with a reasonably safe place to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff; and

q. failing to maintain the subject work area so that same was free from the presence of a dangerous condition.

8. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of Defendant, more fully described above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and


activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, Plaintiff suffered injuries to his head, back and neck, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of Defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendant, in an amount for compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

BARISH♦ROSENTHAL

Samuel J. Rosenthal, Esquire
Attorney for Plaintiff

## **VERIFICATION**



I, RICKY MA, hereby state that I am the Plaintiff herein and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 9/20/2016

_____
RICKY MA